WILLIAM U. GARRARD, executor, plaintiff in error, *vs.* WIL- LIAM C. DAWSON, defendant in error.

1. The legal representative of a deceased partner may be sued in the same action with the survivor, on a firm contract.
2. Where an action is brought against warehousemen for the value of two bales of cotton entrusted to them, which they had failed to deliver on demand, it was not error in the Court to charge that the plaintiff was entitled to interest on the value of the cotton from the day of the demand as a part of his damages, and to refuse to charge that the jury might allow or withhold interest in their discretion.

Partnership. Warehousemen. Damages. Interest. Before Judge JOHNSON. Muscogee Superior Court. October Term, 1872.

William C. Dawson brought complaint against John R. Ivey, and William U. Garrard, as executor upon the estate of

Garrard *vs.* Dawson.

William W. Garrard, deceased, for $600 00, upon a contract made by said deceased and Ivey, as warehousemen and partners, under the firm name of J. R. Ivey & Company. Pending the suit Ivey died. The plaintiff suggested his death and dismissed the action as to him.

For the remaining facts, see the decision.

R. J. Moses, for plaintiff in error.

Peabody & Brannon, for defendant.

Warner, Chief Justice.

1. This was an action brought by the plaintiff against William U. Garrard, executor of W. W. Garrard, and John R. Ivey, who were partners and warehousemen, to recover the value of two bales of cotton. The defendant filed a special demurrer to the plaintiff's declaration for misjoinder of Garrard, as executor, with Ivey, surviving partner, which was overruled, and defendant excepted. The Court charged the jury, among other things, that if they found for the plaintiff, their verdict should be for the value of the cotton not delivered, with interest from the time of demand, and that the principal and interest together would be the amount of damages. The defendant requested the Court to charge the jury that they might allow interest, or withhold it; that the allowance of interest was in the discretion of the jury; which charge the Court refused to give; whereupon the defendant excepted to the charge as given, and refusal to charge as requested. According to the provisions of the 3272d and the 3273d sections of the Code, the demurrer was properly overruled.

2. The cause of action was a debt against copartners on a contract, for the performance of which they were liable. It is true that the 1897th section of the Code declares that the surviving partner, in case of death, has the right to control the assets of the firm to the exclusion of the legal representatives of a deceased partner, and he is primarily liable to the

creditors of the firm for their debts. The statute, however, gives the right to sue the representative of the deceased partner in the same action with the survivor, without qualification or restriction. If there are any legal or equitable grounds why the representative of the deceased partner should not be made liable for the debt, he can plead and prove the same at the trial, and the verdict can be so moulded as to do full justice to the parties in the same manner as a decree in equity : Code, 3504. The right to join the representative of a deceased partner in the same action with the surviving partner, is one thing. What shall be the liability of the representative of the deceased partner in such an action so brought, will depend on the facts, and the law of partnership applicable thereto ; and the verdict and judgment should be rendered in accordance therewith. By allowing the representative of the deceased partner to be joined in the same action with the survivor, the statute does not alter or change the liablility of partners, as defined by law, but, on the contrary, it assumes that the representative of the deceased partner will protect himself by pleading any legal or equitable defense he may have to such action so brought against him as the representative of such deceased partner. There was no error, in view of the facts of this case, in the refusal of the Court to charge as requested in relation to the question of interest, or in the charge as given : Code, 2894.

Let the judgment of the Court below be affirmed.